IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERRY HILGEMAN and
ALICE HILGEMAN,

    Plaintiffs,

v.                                                                       Civ. No. 00-928 RLP/WWD

ERIC WILSON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court are three motions: Defendant's Motion to Dismiss, Defendant's Motion to Strike Unsworn Affidavits; and Plaintiffs' Motion to Stay Proceeding, brought pursuant to Fed.R.Civ.P. 56(f). For the reasons set forth below, Plaintiffs' motion is granted and Defendant's motions are denied.

Plaintiffs brought this action against Defendant Wilson in his personal capacity pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) for violations of their Fourth and Fifth Amendment rights under the United States Constitution. Plaintiffs allege that Defendant obtained a search warrant without probable cause, seized personalty belonging to Plaintiffs, and caused the wrongful arrest and malicious prosecution of Mr. Hilgeman. At a preliminary hearing, all charges were dropped due to lack of evidence of probable cause.

Defendant raises the defense of qualified immunity and seeks dismissal of the claims against him. "The qualified immunity analysis is the same as if claims were brought pursuant to the post-Civil War Civil Rights Acts." *See Pueblo Neighborhood Health*

*Centers, Inc. v. Losavio*, 847 F.2d 642, 647 n.3 (10th Cir. 1988) (citing *Butz v. Economou*, 438 U.S. 478, 504 (1978)).

> Under the doctrine of qualified immunity, government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

*McFarland v. Childers*, 212 F.3d 1178, 1186 (10th Cir. 2000) (quotation marks and citations omitted).

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

In Fourth Amendment cases, officers are entitled to qualified immunity if there is probable cause for the warrant to issue. *Kaul v. Stephan*, 83 F.3d 1208, 1212-13 (10th Cir. 1996). In this case, Plaintiff is claiming there was no probable cause for either the search warrant or the arrest warrant.[1] Defendant moved to dismiss, arguing that his actions were objectively reasonable at the time.

In response to Defendant's Motion, Plaintiffs filed a motion pursuant to Fed.R.Civ.P. 56(f), stating that they needed discovery of information exclusively in the possession of Defendant. Defendant then moved to strike the Plaintiffs' affidavit as improper because it (i) was signed by two individuals and it was not clear in the body of the affidavit which

---

[1] It appears that Plaintiff's claim under the Fifth Amendment is for the unlawful taking of his personal property. Because of the nature of the issues addressed in this opinion, the court does not reach that issue.

2

individual had personal knowledge of certain facts; and (ii) the affidavits contained hearsay.

"Qualified immunity 'is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Furnace v. Oklahoma Corporation Comm'n*, 51 F.3d 932, 935 (10th Cir. 1995) (quoting *Mitchell v. Forsyth*, 472 U.S. 511 (1985)) (emphasis in the original). Thus, motions pursuant to Fed.R.Civ.P. 56(f) are subject to more stringent standards. *Jones v. City and County of Denver*, 854 F.2d 1206, 1210 (10th Cir. 1988). "Unless parties opposing qualified immunity based on summary judgment motions are required to show how discovery will enable them to rebut a defendant's showing of objective reasonableness, summary judgment should be granted." *Id*. at 1211.

The court agrees that the Plaintiffs' affidavit is probably insufficient under the *Jones* standard. Nevertheless, counsel for Plaintiffs has filed his own affidavit [Doc. 25] and the two affidavits considered together show that there are grounds for additional, limited discovery. The gist of Plaintiffs' action concerning the search warrant is that Defendant relied on spurious information to obtain the warrant; *i.e.*, he knew that the witnesses had been reprimanded due to actions of Mr. Hilgeman, and that Defendant lied in his affidavit when he claimed that Plaintiff recanted certain statements. Similarly, Plaintiffs' action concerning the arrest contends that Defendant was told by White Sands police not to pursue the action, yet he went ahead and obtained the arrest warrant through state court.

The court finds that Plaintiffs are entitled to limited discovery concerning Defendant's investigation of Plaintiff, which would include the files, if any, held by the

3

White Sands police.  From the allegations in the complaint and the affidavits, it appears there may be other records tending to support Plaintiffs' claims but those tapes, or transcripts, would not be solely in the hands of Defendant and it is unclear why Plaintiffs cannot obtain those records.  The court will grant Plaintiffs sixty (60) days from entry of this order to complete this limited discovery.[2]  No extensions of time will be granted.  The court will then hear oral arguments on Defendant's Motion to Dismiss (or for summary judgment).

      IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. 15] is denied at this time as premature;

      IT IS FURTHER ORDERED that Defendant's Motion to Strike [Doc. 23] is denied; and

      IT IS FURTHER ORDERED that Plaintiffs' Motion for Discovery [Doc. 26] is granted on the limited grounds stated herein.

      IT IS SO ORDERED.

_____
Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

---

[2] Necessarily this Memorandum Opinion and Order supercedes the court's February 20, 2001 Order staying discovery through March 9, 2001 [Doc. 31].