IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERRY HILGEMAN and
ALICE HILGEMAN,

    Plaintiffs,

v.                                                                           Civ. No. 00-928 RLP/WWD

ERIC WILSON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendant's Motion to Dismiss, filed November 6, 2000. At that time, Defendant sought dismissal of the suit based on qualified immunity. On February 26, 2001 the court entered its Memorandum Opinion and Order [Doc. 32], denying the motion as premature and allowing specific, limited discovery to go forward for sixty (60) days. Specifically, the court was concerned about two issues raised by Plaintiffs in opposition to Defendant's Motion to Dismiss: first, whether Defendant relied on information he knew to be false in order to obtain a search warrant; and second, whether Defendant was ordered by his superiors not to issue a warrant for Plaintiff Jerry Hilgeman's arrest.

The limited discovery having been completed, the parties appeared before the court on May 11, 2001 to argue their respective positions on Defendant's Motion to Dismiss. Because the court considers material outside of the complaint to reach its ruling, the court converts Defendant's Motion to Dismiss into one for summary judgment. *See Lowe v. Town of Fairland*, 143 F.3d 1378 (10th Cir. 1998). The parties' arguments to the court

indicate that Defendant's motion should be granted.  Specifically, the court finds that it is undisputed that Defendant did not knowingly rely on spurious information to obtain the search warrant.  It is also undisputed that Defendant was not told by superiors not to issue an arrest warrant.  From the information given to the court, it is clear that Defendant had probable cause for both warrants and he is protected from suit by qualified immunity. *McFarland v. Childers*, 212 F.3d 1178, 1186 (10th Cir. 2000).  Based on the undisputed evidence given at the hearing, the court finds that Plaintiffs' other claims of constitutional violations are without merit.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. 15] is hereby converted into a Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56 and is granted and this case is dismissed with prejudice.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

For the Plaintiffs:   Steven K. Sanders, Esq.

For the Defendant:  Raymond Hamilton, AUSA
Phyllis Dow, AUSA